[L. A. No. 6084. Department Two.—May 26, 1920.]

## LOUISA M. KNAPP, Appellant, v. MICHAEL KNAPP, Respondent.

[1] DIVORCE — EXTREME CRUELTY — FINDINGS — SUFFICIENCY OF EVIDENCE.—In this action by a wife for divorce on the ground of extreme cruelty, the findings are held sustained by the evidence and the judgment denying the plaintiff a decree affirmed.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge. Affirmed.

---

1. Degree of proof required to establish cause for divorce, note, Ann. Cas. 1913B, 1216.

The facts are stated in the opinion of the court.

Willedd Andrews for Appellant.

William L. Kuehn for Respondent.

The following opinion, prepared by Mr. Justice Kerrigan of the district court of appeal of the first appellate district, who was sitting *pro tempore* at the time of the hearing and order for submission of this cause, in place of Mr. Justice Melvin of this court, is adopted as the opinion of this court in the cause.

THE COURT.—This is an appeal from a judgment denying the plaintiff a decree of divorce, her alleged cause of action being based on the ground of extreme cruelty. A trial being had, the court found that the defendant had committed none of the acts of cruelty charged except that on one occasion, when assaulted by the plaintiff, he took such physical action as was necessary to compel her to desist, without, however, inflicting any injury upon her. On the other hand, the court found, as alleged by the defendant in effect, that much of the domestic trouble between him and his wife was caused by a sister of the latter, who came to live with them at their home about a year before the commencement of this action. The evidence in the case showed that this woman, though married, held herself out to be single, assumed a false name, and conducted herself in a manner widely at variance from the standard generally accepted as incumbent upon a married woman; that she exercised over the plaintiff an evil influence, as a result of which the plaintiff acquired the habit of visiting cafes in company with men and without her husband's knowledge or consent, remaining away from home until late and unusual hours of the night.

The sole point made by the appellant is that the evidence is insufficient to sustain the findings of the trial court. In this we emphatically disagree, but think a review of the evidence unnecessary. Some of the testimony given by the plaintiff for the purpose of sustaining certain of the allegations of cruelty was of a sordid character and found no credence with the trial court, and justly so, the charges to

which such testimony referred being apparently made for the purpose of intimidating the defendant in defending the action.    [1]    Under the circumstances of this case we think it sufficient to say that we have carefully read the evidence and are satisfied that it abundantly sustains the findings of the court.

Judgment affirmed.

Wilbur, J., Lennon, J., and Sloane, J., concurred.